*9 MEMORANDUM **
Tommy and Brooke Allen appeal from the district court’s dismissal of their 42 U.S.C. § 1983 lawsuit for failure to state a claim. Tommy Allen, who is authorized under California law to use marijuana for medical purposes, claims that the defendants violated his and his daughter’s constitutional rights by unlawfully arresting and prosecuting them for marijuana-related offenses, and by searching his property without probable cause. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, Boucher v. Shaw, 572 F.3d 1087, 1089 (9th Cir.2009), and we affirm in part, reverse in part, and remand.
The district court properly dismissed the plaintiffs’ claims against the individual City and County defendants for malicious prosecution and against the County of Fresno for discriminatory, selective, arbitrary, and retaliatory enforcement of laws because their complaint failed to allege sufficient facts to establish a plausible entitlement to relief. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The district court also properly dismissed the plaintiffs’ declaratory judgment action against the County of Fresno because the Allens do not have standing to seek such relief.
The district court, however, erred in concluding that the Allens failed to allege sufficient facts to support their Fourth Amendment claims for unlawful arrest and unlawful search and seizure. The complaint alleges that the City defendants who searched and arrested Tommy Allen lacked probable cause and knew at all pertinent times that he was authorized under state law to use marijuana for medicinal purposes, that the City defendants’ search of Tommy Allen was later found unlawful, and that the County defendants who arrested Tommy and Brooke Allen lacked probable cause. This was enough to establish a plausible entitlement to relief as required under Twombly, 550 U.S. at 557, 127 S.Ct. 1955. Although Allen cannot use § 1983 to vindicate his purported state-law right to use marijuana for medical purposes, the officers’ knowledge of his medical authorization may be relevant to whether they had probable cause to believe he had committed a crime.
Each side to bear its own costs on appeal.
AFFIRMED in part, REVERSED in part, and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.